UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
MICHELLE Q., obo, J.J.S.Q.,

                  Plaintiff,      <u>DECISION AND ORDER</u>
                                     1:23-cv-09124-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.
--------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In July of 2021, Plaintiff Michelle Q.[1] applied for Child Supplemental Security Income benefits under the Social Security Act on behalf of her minor son, J.J.S.Q. ("Claimant"). The Commissioner of Social Security denied the application.  Plaintiff, represented by Osborn Law, P.C., Daniel Adam Osborn, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 12).

This case was referred to the undersigned on July 31, 2024. Presently pending is Plaintiff's Motion for Judgment on the Pleadings under

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 16). For the following reasons, Plaintiff's motion is due to be denied and this case is dismissed.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on behalf of Claimant on July 30, 2021, alleging disability beginning May 5, 2009. (T at 16, 259).[2]  Plaintiff's application was denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on June 24, 2022, before ALJ Mark Solomon. (T at 31-45). Plaintiff appeared with an attorney and testified. (T at 38-44).

### B.    ALJ's Decision

On August 24, 2022, the ALJ issued a decision denying the application for benefits. (T at 12-30).

The ALJ noted that Claimant was a "school-age" child, as defined under the Social Security regulations, on July 30, 2021, when the application was filed, and remained a school-age child at the time of the decision. (T at 16).  The ALJ found that Claimant had not engaged in substantial gainful activity since the application date. (T at 16).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 13.

The ALJ determined that Claimant's Klippel Trenaunay Syndrome, vascular malfunction of the left upper extremity, and attention deficit hyperactivity disorder ("ADHD") were severe impairments as defined under the Social Security Act. (T at 16).

However, the ALJ found that Claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). (T at 16).

The ALJ also concluded that Claimant did not have an impairment or combination of impairments that functionally equaled the severity of the Listings. (T at 18).

As such, the ALJ found that Claimant had not been under a disability, as defined under the Social Security Act, since the application date and was therefore not entitled to benefits. (T at 26).  On August 15, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

C.    *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on October 17, 2023. (Docket No. 1).  On April 16, 2024, Plaintiff filed a motion for judgment on the pleadings, supported by a

memorandum of law. (Docket Nos. 16, 18).  The Commissioner interposed a brief in opposition to the motion and in support of the denial of benefits on July 15, 2024. (Docket No. 19).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire

record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.    Standard for Disability Claims for Children

To qualify for SSI benefits, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

The Social Security Regulations provide a three-step sequential analysis to determine whether a child is disabled and eligible for benefits. 20 C.F.R. § 416.924(a)-(d); *see Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004). First, the ALJ considers whether the child is engaged in "substantial gainful activity." 20 C.F.R. § 416.924(b). Second, the ALJ

determines whether the child has a "medically determinable impairment(s) that is severe," which is defined as an impairment that causes "more than minimal functional limitations." *Id.* § 416.924(c). Third, if the child has a severe impairment(s), the ALJ must then decide whether the impairment meets or "medically" or "functionally" equals a disability listed in the regulatory "Listing of Impairments." Id. § 416.924(c), (d); *see also id.* at Part 404, Subpart P, App. 1.

To demonstrate functional equivalence, the child must exhibit a "marked" limitation in two of six functional domains described in the regulations, or an "extreme" limitation in one of the domains. 20 C.F.R. § 416.926a(a); *see Pollard*, 377 F.3d at 190.

The first five domains consider the child's ability to acquire and use information, attend and complete tasks, interact and relate with others, move about and manipulate objects, and care for himself. 20 C.F.R. § 416.926a(b)(1)(i)-(v). The sixth domain considers the child's health and physical well-being. *Id.* § 416.926a(b)(1)(vi).

A child has a "marked" limitation when the impairment "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R.§ 416.926a(e)(2)(i). "'Marked' limitation . . . means a limitation that is 'more than moderate' but 'less than extreme.'" *Id.*

6

An "'extreme'" limitation is present when the impairment "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." *Id*. § 416.926a(e)(3)(i).

## III. DISCUSSION

In completing the functional equivalence analysis, the ALJ found that Claimant had marked limitation in moving about and manipulating objects, but less than a marked limitation in the other domains. (T at 19).

Plaintiff argues that the ALJ should have found Claimant markedly limited with respect to the domain of interacting and relating with others.

Plaintiff notes, correctly, that the ALJ's analysis in the section of his decision addressing this domain of functioning is rather brief and conclusory and misidentifies an exhibit.[3] (T at 23).

Nevertheless, substantial evidence supports the ALJ's decision, which must therefore be sustained under the deferential standard of review applicable here. *See Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013)("An ALJ need not recite every piece of evidence that contributed to the decision, so long as the record 'permits us to glean the rationale of an

---

[3] The ALJ attributed a statement regarding Claimant's difficulties in school to Plaintiff, but the exhibit he cited was a document prepared by one of Claimant's teachers.

7

ALJ's decision.'")(quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)).

In the domain of interacting and relating with others, "we consider how well [the claimant can] initiate and sustain emotional connections with others, develop and use the language of your community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others." 20 C.F.R. § 416.926a(i).

School-aged children "should be able to develop more lasting friendships with children who are [their] age, … should begin to understand how to work in groups to create projects and solve problems …  should have an increasing ability to understand another's point of view and to tolerate differences … should be well able to talk to people of all ages, to share ideas, tell stories, and to speak in a manner that both familiar and unfamiliar listeners readily understand." 20 C.F.R. § 416.926a(i)(2)(iv).

In the present case, the ALJ's conclusion that Claimant has less than marked limitation in this domain is supported by multiple medical opinions.

Dr. Clementina Porcelli performed a consultative psychiatric evaluation in October of 2021.  Dr. Porcelli reported that Claimant was cooperative, with "fair" social skills and manner of relating. (T at 702).  Dr. Porcelli diagnosed ADHD and unspecified disruptive impulse control and

conduct disorder. (T at 704).  She opined that Claimant had "moderate" limitation with respect to interacting adequately with adults and peers. (T at 704).

Dr. O. Fassler, a non-examining State Agency review consultant, assessed less than marked limitation in the domain of interacting and relating with others. (T at 52).  Dr. D. Brown, another State Agency review consultant, reached the same conclusion. (T at 66-67).

The ALJ found these opinions consistent with, and supported by, the overall record and considered them generally persuasive. (T at 25-26). The ALJ's assessment of the medical opinion evidence is supported by a reasonable reading of the record.

In February of 2022, Natalie Mercedes, one of Claimant's teachers, completed a teacher questionnaire.  In the domain of interacting and relating to others, Ms. Mercedes reported that Claimant had no problem: playing cooperatively with other children; making and keeping friends; seeking attention appropriately; following rules; respecting/obeying adults in authority; relating experiences and telling stories; introducing and maintaining relevant and appropriate topics of conversation; taking turns in a conversation; interpreting meaning of facial expressions, body language,

9

hints, and sarcasm, and using adequate vocabulary and grammar to express thoughts/ideas in general, everyday conversation. (T at 237).

Ms. Mercedes described Claimant as having a "serious" problem expressing anger appropriately and a "slight" problem asking permission appropriately.  (T at 237).  She explained that she did not need to implement behavior management strategies but reported that Claimant "struggles to manage his anger and use effective coping techniques." (T at 237).

Treatment notes from medication management appointments consistently described Claimant's ADHD symptoms as adequately controlled with medication. (T at 20, 529, 540, 548, 571, 582, 589, 604, 615, 628, 638, 650, 672).

Erika Vidales, LMSW, Claimant's therapist, documented improvement in Claimant's communication, relationships, and performance at school. (T at 569, 577, 580, 586-87, 598, 602, 610, 613, 624, 631-32, 635, 642, 668).

Plaintiff points to evidence of Claimant's difficulties in school, challenges at home, and overall struggles with anger management.  (T at 721, 730, 766, 790, 795).  As mentioned above, the section of the ALJ's section dealing with his aspect of the functional analysis falls short of the rigor one should expect. (T at 23).

However, "[t]he substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude* otherwise." *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)(emphasis in original) (citation and internal quotation marks omitted).

Here, the ALJ's overall decision reflects careful consideration of the record, even if the specific discussion as to this domain of functioning is not thorough.  Further, under the applicable regulation, a "marked" limitation "means a limitation that is 'more than moderate' but 'less than extreme.'" *See* 20 C.F.R.§ 416.926a(e)(2)(i).

Because the ALJ's conclusion that Claimant had less than marked limitation with respect to interacting and relating to others is supported by substantial evidence, including multiple medical opinions, the teacher questionnaire, and a reasonable reading of the record the decision is due to be affirmed.  *See Jolene H. o/b/o V.E.W. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01498-MJR, 2022 WL 884155, at *4 (W.D.N.Y. Mar. 25, 2022)(finding that consultative examiner's assessment of moderate limitation supported ALJ's conclusion that claimant had less than marked limitation in domains of functioning); *Kelinne O. o/b/o K.P.Q. v. Comm'r of Soc. Sec.*, No. 523CV00812BKSML, 2024 WL 2027907, at *4 (N.D.N.Y.

11

Apr. 16, 2024)(same); *see also Nicole A. o/b/o J.D.J.W. v. Comm'r of Soc. Sec.*, No. 19-CV-1654L, 2021 WL 916016, at *4 (W.D.N.Y. Mar. 10, 2021)("While [claimant's teacher] noted some 'serious' and 'very serious' problems in certain activities, most of the problems opined by [the teacher] in those domains were 'slight' or 'obvious.' It was therefore reasonable for the ALJ to find that [teacher's] questionnaire supported a finding of 'less than marked' limitations in those domains."); *Abukhader ex rel. I.K.A. v. Comm'r of Soc. Sec.*, No. 11 CIV. 9453 KBF, 2013 WL 5882858, at *6 (S.D.N.Y. Oct. 28, 2013); *Pena ex rel. D.S. v. Colvin*, No. 15-CV-1229 JG, 2015 WL 5230211, at *9 (E.D.N.Y. Sept. 8, 2015)("[A]lthough the ALJ could have made more precise factfinding about the extent of D.S.'s absences from school, the ultimate finding was supported by substantial evidence from the medical expert and the teacher's report.").

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 16) is DENIED, and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: August 3, 2024                    *s/ Gary R. Jones*
                                         GARY R. JONES
                                         United States Magistrate Judge